UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MALACHY COGHLAN
26800 Evening Breeze Drive
Yorba Linda, CA 92887,

    On Behalf of Himself and
    A Class of Similarly Situated
    Employees,

    Plaintiffs,

v.                                                                  C. A. No.
                                                                    JURY TRIAL DEMANDED

NORMAN Y. MINETA, SECRETARY
U. S. Department of Transportation
400 - 7th St., SW
Washington, DC 20590

Serve by Registered Mail,
Return Receipt Requested:

Kenneth L. Wainstein, Esq.
United States Attorney for the District of Columbia
c/o Civil Process Clerk
555 - 4th Street, NW
Washington, DC 20530

Alberto Gonzalez, Esq.
United States Attorney General
c/o Civil Process Clerk
U. S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20539-0001
_____/

CLASS COMPLAINT OF AGE DISCRIMINATION IN EMPLOYMENT

Introduction; Parties

    1. This is a complaint by Malachy Coghlan, an employee of the Federal Aviation

Administration (FAA), U. S. Department of Transportation, asserting a violation of the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621, *et seq.* (ADEA), on behalf of himself and similarly situated FAA employees affected by certain aspects of the FAA's recently implemented "Core Compensation System."  Mr. Coghlan is 55 years old.

    2. Coghlan and the class plaintiffs are FAA employees over 40 who, as a result of the Core Compensation System, are compensated according to "pay bands" rather than the General Service (GS) schedule, and do not receive annual increases that are included in base salary for purposes of calculating retirement and other benefits. "Annual increases" for purposes of this complaint include Organizational Step Increases ("OSIs"), Superior Contribution Increases "SCIs"), step increases, annual cost of living adjustments, locality pay increases and Within-Grade increases paid to General Schedule employees.  Coghlan and the class plaintiffs are FAA employees whose compensation is, because of their years of experience and excellent performance, at the maximum within the particular pay band that applies to them.  Employees working under other pay systems are overwhelmingly younger, and receive annual increases that are included in base salary.

    3. Coghlan and the class plaintiffs are FAA employees covered by the Core Compensation System in 2004, who were at the top of their pay band in 2004, who received no annual increases in 2004, and who may have received discretionary cash awards in 2004 that were not included in their base salary or in calculating their retirement benefit accruals.  These class plaintiffs include, but are not limited to, FAA employees like Coghlan who in 2004 contacted an EEO counselor at the Department of Transportation to file a claim of age discrimination and who stated timely claims at least with respect to 2004 paychecks within the

charge filing period, which paychecks did not include the annual increases being paid to younger workers.

4. Defendant Norman Y. Mineta is the Secretary of Transportation, with authority over the FAA.

## Jurisdiction and Venue

5. Jurisdiction is proper pursuant to 28 U.S.C. Sections 1331 and 1343, and 29 U.S.C. Section 633a(c).

6. Venue is proper under 28 U.S.C. Section 1391.

## Facts

7. On or about August 10, 2004, Plaintiff Coghlan filed an informal complaint of age discrimination with the Department of Transportation, alleging that the FAA's Core Compensation System discriminated on the basis of age and that its implementation constituted a continuing violation of the ADEA. The Department of Transportation and the U. S. Equal Employment Opportunity Commission (EEOC) Office of Federal Operations (OFO) denied the complaint. The EEOC OFO determined that Coghlan knew or should have suspected discrimination on or about January 11, 2004 when he received a discretionary cash award rather than an annual increase in his base salary, and that his complaint was therefore untimely.

8. Coghlan requested reconsideration of the EEOC OFO decision. On April 27, 2005, the EEOC OFO denied reconsideration, reaffirming that he should have suspected discrimination when he received the discretionary cash award on January 11, 2004, that each paycheck he received thereafter was not a separate actionable claim of age discrimination, that he had not made out a continuing violation, and that his August 2004 complaint was untimely. The EEOC

OFO letter also informed Coghlan that he had 90 calendar days from his receipt of the April 27, 2005 letter to file a civil action.

9. On or about April 28, 2005, Coghlan received the EEOC OFO denial of reconsideration.

10. Upon information and belief, at least 100 other similarly-situated FAA employees have filed individual claims of age discrimination asserting a claim virtually identical to Coghlan's – that the FAA's practice under its Core Compensation System of failing to pay annual increases in 2004 to older, high-performing employees and, instead, paying discretionary cash awards adversely affects employees protected by the ADEA, and that the FAA's implementation of this practice in 2004 violated the ADEA and entitles them to a remedy.

11. On or about March 23, 2005, Coghlan and another FAA employee, Timothy O'Hara, filed a class complaint of discrimination ("the O'Hara/Coghlan class age complaint") with the Department of Transportation making this same allegation on behalf of themselves and a class of approximately 1000 current employees of the FAA with respect to the FAA's failure to provide annual increases in 2005 and its payment instead of discretionary cash awards that are not included in base salary.

12. The EEOC OFO has recently begun processing the O'Hara/Coghlan class age complaint.

13. Plaintiff Coghlan files this action so as not to waive or lose his rights, or the rights of similarly situated FAA employees who should have received increases in base pay in 2004, including but not limited to those who filed claims that the FAA's failure to pay annual increases in base salary in 2004 has a disparate impact on older employees and constitutes both disparate

impact and disparate treatment age discrimination.

14. As a result of the FAA's practice, Coghlan and similarly situated FAA employees received less pay with each paycheck in 2004, and continuing thereafter, than they would have received had the FAA not implemented this discriminatory practice.

15. As a result of the FAA's practice, Coghlan and similarly situated FAA employees accrued less in retirement benefits in 2004 and subsequent years than younger workers who received annual increases to their base salary.

16. As a result of the FAA's practice, Coghlan and similarly-situated FAA employees suffer a continuing age discrimination violation in the form of a continuing reduction in their base salary and their accrual of retirement benefits, which are based on base salary.

## CLASS ACTION ALLEGATIONS

17. Plaintiff Coghlan's claims are maintained as a class action pursuant to Rule 23(a) and (b)(2) and (3) of the Federal Rules of Civil Procedure, in that the class of employees affected by the practice complained of is so numerous, consisting upon information and belief of at least 100 employees, that joinder of all class members is impracticable. Moreover, questions of law and fact common to all class members predominate over individual legal and factual questions. In addition, the claims and defenses of Mr. Coghlan are typical of, if not identical to, the claims of the other FAA employees who filed claims in 2004. Finally, Mr. Coghlan and his undersigned attorneys will fairly and adequately protect the interests of the class.

18. The Defendant, through the FAA, has acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief and declaratory relief with respect to the class of FAA employees as a whole who were affected by the aforementioned pay practice in

2004 and subsequent years.

19. Questions of law and fact common to the entire class predominate over questions pertaining to individual FAA employees in the class, and therefore a class action is superior to other methods for the fair, efficient and expeditious resolution of this controversy.

20. Mr. Coghlan, an attorney working for the FAA, can adequately represent the class because he is employed at the FAA, his claims are typical if not identical to those of other members of the class, he is well-informed about the Core Compensation System, his similarly situated co-workers have expressed to him an interest in being in the class, and his counsel is experienced in federal litigation and class actions and will fairly and adequately represent all members of the class.

21. A class action on the ADEA claim will achieve economies of time, effort and expense, and promote uniformity of decision and treatment with respect to similarly situated employees without sacrificing procedural fairness or bringing about other undesirable results. It is unlikely that an individual class member's interest in controlling his or her own claim or litigation will be compromised by conducting this case as a class action.

22. While a similar class claim is pending at the EEOC with respect to application of the Core Compensation System in **2005** (EEOC No. 100-2005-00610X, the O'Hara/Coghlan class age complaint), it is unclear whether the EEOC, were it to find liability, would include in its remedy compensation including lost retirement benefit accruals and pay for **2004**. In the event the EEOC were to determine to award relief for 2004 in that case, Coghlan and the class members may determine to dismiss this action. Were the EEOC to fail to make findings of liability and/or remedy in that case, Coghlan's claim on behalf of himself in the instant case,

together with virtually identical claims on behalf of his similarly-situated co-workers who were affected by the offending practice in 2004 and thereafter (including but not limited to those who filed age discrimination claims), could be adjudicated in this Court. In the event the EEOC were to dismiss Coghlan's claim in that case while allowing the claims of other class members to proceed, he would still be able to have his claim adjudicated in this Court.

23. Upon information and belief, the Defendant and the FAA are aware that their Core Compensation System disadvantages older employees and have taken no steps to remedy this disadvantage.

**Violation of the ADEA (Disparate Impact, Disparate Treatment and Continuing Violation)**

24. Paragraphs 1 through 23 are incorporated by reference.

25. Defendant's maintenance of the Core Compensation System in 2004 and thereafter, in particular the practice of failing to provide annual increases in base salary and paying discretionary cash awards that are not included in base salary or in the computation of class members' retirement benefits, constitutes discrimination on the basis of age through its disparate impact on older FAA employees.

26. Defendant's maintenance of the Core Compensation System in 2004 and thereafter, in particular the practice of failing to provide annual increases in base salary and paying cash awards that are not included in base salary or in the computation of class members' retirement benefits, constitutes discrimination on the basis of age through disparate treatment of older FAA employees, in that the Defendant and the FAA are aware the practice compensates older employees less favorably and, notwithstanding their awareness, knowingly continue this discriminatory practice.

27. Defendant's maintenance of the above pay practices constitutes a continuing violation of the ADEA.

28. Defendant and the FAA have the ability and resources to develop and implement pay systems for FAA employees, including Coghlan and this class of similarly-situated FAA employees, that do not have the effect of paying older workers less in base salary and benefits.

RELIEF REQUESTED

Wherefore, Plaintiff Malachy Coghlan, on behalf of himself and the class of similarly-situated FAA employees who did not receive annual increases in base salary in 2004, including but not limited to the 100 or more FAA employees who filed claims of age discrimination with respect to their 2004 compensation, requests that the Court grant him and them the following relief:

A. A declaration that Defendant and the FAA have violated the ADEA by the above-described conduct and practices;

B. For each class member, back pay and benefits consisting of the difference in base salary and benefit accruals s/he would have received in 2004 and thereafter had s/he been paid annual increases to base salary in 2004 in the same manner as younger workers received increases to base salary;

C. An injunction directing the Defendant to, with respect to the members of the class and others similarly-situated FAA employees, cease the practice of failing to provide annual increases to older workers while paying occasional and discretionary cash awards that do not result in increases in base salary and retirement accruals, and begin paying the affected older employees annual increases in base salary in the same manner as the FAA pays younger workers, effective

immediately;

       D. Reasonable attorney's fees and costs; and

       E. Such other relief as the Court deems just.

Respectfully submitted,

_____
Barbara Kraft   D. C. Bar No. 358563
Beins, Axelrod, Kraft, Gleason & Gibson, P.C.
1717 Massachusetts Ave., NW   Suite 704
Washington, DC 20036
(202) 328-7222
Fax (202) 328-7030
bkraft@bakgg.com