# EXHIBIT 5



| | | |
|---|---|---|
| **U.S. Department of Transportation**<br>Office of the Secretary of Transportation | Departmental Office of Civil Rights | Washington Regional Office<br>400 Seventh Street., S.W.<br>Washington, D.C. 20590 |

DEC 1 3 2004

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Mr. Malachy T. Coghlan
28600 Evening Breeze Drive
Yorba Linda, CA 92887

Ref: DOT Complaint No. 2004-18297-FAA-02

Dear Mr. Coghlan:

This is in further reference to your complaint filed on September 28, 2004, against the Department of Transportation, Federal Aviation Administration (FAA). Complaints filed against the Department of Transportation are processed in accordance with the Equal Employment Opportunity Commission (EEOC) regulation, 29 C.F.R. Part 1614, et. seq. A thorough review of your complaint and related documents indicate that you have raised the following claim:

> Were you discriminated against based on your **age** (54; DOB 7/21/1950) when the FAA implemented the Core Compensation System in 1998 that limited all employees at the maximum of their pay band to receive all future Organization Success Increase and Superior Contribution Increase awards as a lump sum payment and you became aware of the impact to you on June 28, 2004?

A determination has been made to dismiss your complaint for the following reason:

> The EEOC regulations at 29 C.F.R. § 1614.107(a)(1) permit Federal agencies to dismiss a complaint or a portion of a complaint that **fails to state a claim** under Sections § 1614.103 or § 1614.106(a).

The regulation set forth at 29 C.F.R. § 1614.107(a)(1) provides, in relevant part, that an agency shall dismiss a complaint that fails to state a claim. An agency shall accept a complaint from any aggrieved employee or applicant for employment who believes that he or she has been discriminated against by that agency because of race, color, religion, sex, national origin, age or disabling condition. 29 C.F.R. §§ 1614.103, .106(a). The Commission's federal sector case precedent has long defined an "aggrieved employee" as one who suffers a present harm or loss with respect to a

term, condition, or privilege of employment for which there is a remedy. <u>Diaz v. Department of the Air Force, EEOC Request No. 05931049 (April 21, 1994)</u>.

In your complaint you explain that in 1996 the FAA was given authority by Congress to redesign its employee compensation system. You further explain that a pilot project on the new Core Compensation System was implemented in July 1998 and subsequently made permanent for those employees who were included in the pilot project. You state that the remainder of the non-bargaining unit workforce was brought under the new system in April 2000. Further, as a result of the implementation of the Core Compensation System, you state that employees who are at the top of the salary scale received their performance-based pay raises as a lump sum payment rather than as a regular base pay increase.

You further explain in your complaint that as a part of the FAA's Core Compensation System, the agency's policy has a policy/practice in place that has a disparate impact on a protected class of employees. You further explain that as a result of pay bands not being adjusted during the past two years that you, along with many FAA employees, have not received the Organization Success Increase (OSI) and Superior Contribution Increase (SCI) as permanent adjustments to your salary.

In your complaint, you acknowledge that the alleged agency action was taken against all FAA employees who are covered by the Core Compensation Plan. The EEOC has determined that complainants cannot pursue a generalized grievance that members of one protected group are afforded benefits not offered to other protected groups, unless he/she further alleges some specific injury to him as a result of the alleged discriminatory practice. See <u>Warth v. Seldin, 422 U.S. 490, 499 (1975)</u>; <u>Crandall v. Department of Veterans Affairs, EEOC Request No. 05970508 (September 11, 1997)</u> (claim that nurse practitioners in one unit received more favorable treatment than nurse practitioners in other units was a generalized grievance); <u>Rodriguez v. Department of the Treasury, EEOC Appeal No. 01970736 (August 28, 1997)</u> (claim that there was an imbalance in favoring of African-Americans, against Hispanics, in development and promotion opportunities was a generalized grievance purportedly shared by all Hispanic co-workers and therefore failed to state a claim). Based on the aforementioned, a determination has been made to dismiss your complaint as a generalized grievance which fails to state a claim in accordance with 29 C.F.R. § 1614.107(a)(1).

In addition, the EEOC regulations at 29 C.F.R. § 1614.107(a)(2) require Federal agencies to dismiss a complaint or a portion of a complaint that **fails to comply with the applicable time limits** contained in § 1614.105, § 1614.106, and § 1614.204(c), unless the agency extends the time limits in accordance with § 1614.604(c) or that raises a matter that has not been brought to the attention of a Counselor and is not like or related to a matter that has been brought to the attention of a Counselor. The EEOC Regulation <u>29 C.F.R. § 1614.105(a)(1)</u> requires that complaints of discrimination should be brought to the attention of the Equal Employment Opportunity Counselor within forty-five (45) days of the date of the matter alleged to

be discriminatory or, in the case of a personnel action, within forty-five (45) days of the effective date of the action.

The Commission has adopted a "reasonable suspicion" standard (as opposed to a "supportive facts" standard) to determine when the forty-five (45) day limitation period is triggered. See Howard v. Department of the Navy, EEOC Request No. 05970852 (February 11, 1999). Thus, the time limitation is not triggered until a complainant reasonably suspects discrimination, but before all the facts that support a charge of discrimination have become apparent. EEOC Regulations provide that the agency or the Commission shall extend the time limits when the individual shows that he was not notified of the time limits and was not otherwise aware of them, that he did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he was prevented by circumstances beyond his control from contacting the Counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

During EEO Counseling you explained that you hit the maximum of the pay band in January 2004 and received Organizational Success Increase (OSI) and Superior Contribution Increase (SCI) lump sum payments with no permanent adjustments to your salary. The record shows a Notification of Personnel Action (SF-50) for an OSI/SCI effective January 11, 2004. Your initial contact with an EEO counselor occurred on August 10, 2004; approximately six years after the implementation of the Core Compensation system pilot in July 1998, approximately four years after the permanent implementation of the compensation system in 2000; and well beyond 45 days after receiving OSI and SCI lump sum payments. Further, you have failed to provide sufficient justification for waiving or tolling the time limitation. Consequently, a determination has also been made to dismiss your complaint in accordance with 29 C.F.R. § 1614.107(a)(2) for untimely contact with an EEO counselor.

If you are dissatisfied with this final agency decision, you have the following appeal rights:

--   Within 30 calendar days of your receipt of this final decision, you have the right to appeal this decision to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, DC 20036.

   (EEOC Form 573, Notice of Appeal/Petition, enclosed for this purpose.)

--   Within 90 calendar days of your receipt of this action, you may file a civil suit in an appropriate U.S. District Court. The Court, at your request, may appoint and authorize legal counsel in circumstances that it deems just without the payment of fees, costs, or security. The granting or denial of the request is within the sole discretion of the Court.

4

You must name the person who is the official agency head or department head and his or her official title as the defendant in your appeal. In your case, you must name the following official as the defendant:

> The Honorable Norman Y. Mineta
> Secretary of Transportation
> 400 7th Street, SW
> Washington, DC 20590

Failure to provide the name or official title of the agency head or department head may result in dismissal of your case. Please be advised that at the time you file any appeal or civil action, you must furnish a copy of the appeal documents to the following officials:

> Regional Director
> Washington Regional Office, S-342
> Department of Transportation
> 400 7th Street, S.W., Room 2104
> Washington, DC 20590
>
> Jerry Mellody
> Assistant Chief Counsel
> Personnel and Labor Law Staff, AGC-30
> Office of the Chief Counsel
> Federal Aviation Administration
> 800 Independence Ave., S.W
> Washington, D.C. 20591

Sincerely,

Tami L. Wright
Regional Director

Enclosure: EEOC Form 573

cc: ACR-1
    w/o Enclosure

   AGC-30
   w/o Enclosure