UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MALACHY COGHLAN,
TIMOTHY O'HARA, et al.,

    Plaintiffs,

v.                                                    C. A. No. 05-1476 (PLF)

NORMAN Y. MINETA, Secretary,

    Defendant.
_____/

**MOTION TO FOR LEAVE TO FILE AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. Pr. 15, plaintiff Malachy Coghlan, on behalf of himself and the class of similarly situated employees described in his original complaint, requests leave to file an amended complaint setting forth the name of an additional class representative, Timothy O'Hara, also an FAA employee and a member of the class of employees protected by the Age Discrimination in Employment Act, and updating and correcting certain factual allegations in the initial complaint.

A proposed order is filed concurrently with this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. Pr. 15, plaintiff Malachy Coghlan, on behalf of himself and the class of similarly situated employees described in his original complaint, requests leave to file an amended complaint setting forth the name of an additional class representative, Timothy O'Hara, also an FAA employee and a member of the class of employees protected by the Age Discrimination in Employment Act.  Coghlan and O'Hara filed a class age discrimination complaint with the Department of Transportation and, ultimately, the EEOC in 2005, alleging that the FAA's Core Compensation pay

system disadvantaged older workers and was discriminatory – the same claim made in Coghlan's original court complaint.

Plaintiff also seeks to file an amended complaint in order to update and correct certain factual allegations in the original complaint.

The grounds for this motion are as follows.

On October 12, 2005, as a result of the Defendant's request to terminate the EEOC class complaint and based on the pendency of the instant court case, the EEOC Office of Federal Operations closed O'Hara's and Coghlan's class complaint in EEOC No. 100-2005-00610X and returned the complaint to the Department of Transportation. The only difference between the O'Hara/Coghlan EEOC class age complaint and Coghlan's complaint here is the time period covered by the requested make-whole remedy consisting of pay and retirement accruals. Coghlan's initial administrative complaint of discrimination was filed in September 2004 and alleged discrimination beginning in January 2004. See Exhibit 4 to Defendant's motion to dismiss. The O'Hara/Coghlan EEOC class age complaint was filed in March 2005 and alleged discrimination beginning in January 2005. Should the Court find that the O'Hara/Coghlan EEOC class age complaint is subsumed within and included within the Coghlan court complaint, the appropriate period for a remedy for all class members employed as of January 2004 will be the same.

The only differences between Coghlan's original court complaint and the amended complaint (Exhibit 1 to this motion), apart from the addition of Timothy O'Hara as a class representative, are: 1) paragraph 2 of the Amended Complaint has been revised to accurately describe the annual pay increases available to General Schedule employees but not to the plaintiff class; and 2) factual allegations regarding proceedings before the

EEOC have been revised to reflect their current status. See paragraphs 7-14 of Amended Complaint.

For the foregoing reasons, plaintiff Coghlan requests leave to amend his complaint to add Timothy O'Hara as a named plaintiff and class representative and to correct and update the factual allegations as described above. See, *James V. Hurson Associates, Inc. v. Glickman*, 229 F.3d 277 (D.C. Cir. 2000) (Motion to dismiss is not a responsive pleading under Fed. R. Civ. Pr. 15; therefore, plaintiff may amend as a matter of right after such a motion has been filed and before defendant has filed an answer). See also, Fed. R. Civ. Pr. 22(a) (providing for permissive joinder "as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction…and if any question of law or fact common to all these persons will arise in the action.").

Should the Court determine that O'Hara may not be added as a named plaintiff and class representative until the Department of Transportation has formally denied or dismissed the O'Hara/Coghlan class age complaint in a Final Agency Decision under Section 1614.110 of 29 C.F.R. Part 1614, the EEOC regulations applicable to federal employees, the Court is requested to permit the amended complaint to be filed in Coghlan's name, as putative class representative pending the filing of plaintiffs' motion for class certification and the Court's decision on Defendant's pending motion to dismiss or, in the alternative, for summary judgment.

In addition, should the Court determine that Mr. O'Hara may not be added now as a named plaintiff, plaintiff requests that the Court permit Mr. O'Hara to be named as a plaintiff and class representative upon the earlier of the expiration of 60 days after the Court's decision on this motion, or the completion of the any further Department of

3

Transportation processing of the class age complaint in EEOC Case No. 100-2005-00610X.

Respectfully submitted,

_____
Barbara Kraft   D. C. Bar No. 358563
Kraft Eisenmann Alden, PLLC
1001 Pennsylvania Ave., NW
Suite 600
Washington, DC  20004
(202) 783-1391
bkraft@kea-law.com
Counsel for Plaintiffs