UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MALACHY COGHLAN
28600 Evening Breeze Drive
Yorba Linda, CA  92887,
    and
TIMOTHY O'HARA,
2712 Hunters Gate Terrace
Silver Spring, MD  20904,
et al.,

    Plaintiffs, on Behalf of Themselves
    And a Class of Similarly Situated
    Employees,

v.                                                                                C. A. No. 05-1476 (PLF)

NORMAN Y. MINETA, Secretary,

    Defendant.
_____/

**AMENDED COMPLAINT OF AGE DISCRIMINATION IN EMPLOYMENT**

Pursuant to Fed. R. Civ. Pr. 15(a), plaintiffs Malachy Coghlan and Timothy O'Hara, on behalf of themselves and a class of similarly situated employees of the Federal Aviation Administration, file this Amended Complaint of Age Discrimination in Employment.

Introduction

1. This is a complaint by Malachy Coghlan and Timothy O'Hara, employees of the Federal Aviation Administration, (FAA), U. S. Department of Transportation, asserting a violation of the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621, *et seq.* (ADEA), on behalf of themselves and similarly situated FAA employees affected by certain aspects of the FAA's recently implemented "Core Compensation System." Both Mr. Coghlan and Mr. O'Hara are over 40 and members of the class of employees protected by the ADEA.

2. Coghlan and O'Hara and the class plaintiffs are FAA employees over 40 who, as a result of the Core Compensation System, are compensated according to "pay bands" rather than the General Schedule (GS) pay tables, and do not receive annual increases that are included in base salary for purposes of calculating retirement and other benefits. "Annual increases" for purposes of this complaint include Organizational Success Increases ("OSIs"), Superior Contribution Increases ("SCIs"), annual cost of living adjustments, and Within-Grade increases paid to General Schedule employees. Coghlan, O'Hara and the class plaintiffs are FAA employees whose compensation is, because of their years of experience and excellent performance, at the maximum within the particular pay band that applies to them. Employees working under other pay systems are overwhelmingly younger, and receive annual increases that are included in base salary.

3. Coghlan, O'Hara and the class plaintiffs are FAA employees covered by the Core Compensation System in 2004 and 2005, who were at the top of their pay band in 2004 and 2005, and who may have received discretionary cash awards in 2004 and 2005 that were not included in their base salary or in calculating their retirement benefit accruals. These class plaintiffs include, but are not limited to, FAA employees like O'Hara and Coghlan who in 2004 and thereafter have contacted an EEO counselor at the U. S. Department of Transportation to file a claim of age discrimination and who stated timely claims at least with respect to 2004 and 2005 paychecks within the charge-filing period, which paychecks did not include the annual increases being paid to younger employees. Upon information and belief, based upon a response by FAA to a Freedom of Information Act request by O'Hara, there are approximately 2057 employees in the class.

2

4. Defendant Norman Y. Mineta is the Secretary of Transportation, with authority over the FAA.

## Jurisdiction and Venue

5. Jurisdiction is proper pursuant to 28 U.S.C. Sections 1331 and 1343, and 29 U.S.C. Section 633a(c).

6. Venue is proper under 28 U.S.C. Section 1391.

## Facts

7. On or about August 10, 2004, Plaintiff Coghlan filed an informal complaint of age discrimination with the Department of Transportation, alleging that the FAA's Core Compensation System discriminated on the basis of age and that its implementation constituted a continuing violation of the ADEA. The Department of Transportation and the U. S. Equal Employment Opportunity Commission (EEOC) Office of Federal Operations (OFO) denied Coghlan's complaint. The EEOC OFO determined that Coghlan knew or should have suspected discrimination on or about January 11, 2004 when he received a discretionary cash award rather than an annual increase in his base salary, and that his complaint was therefore untimely.

8. Coghlan requested reconsideration of the EEOC OFO decision. On April 27, 2005, the EEOC OFO denied reconsideration, reaffirming that he should have suspected discrimination when he received the discretionary cash award on January 11, 2004, that each paycheck he received thereafter was not a separate actionable claim of age discrimination, that he had not made out a continuing violation, and that his August 2004 complaint was untimely. The EEOC OFO letter also informed Coghlan that he had 90 calendar days from his receipt of the April 27, 2005 letter to file a civil action.

9. On or about April 28, 2005, Coghlan received the EEOC OFO denial of reconsideration.

10. Upon information and belief, at least 100 other similarly-situated FAA employees have filed individual claims of age discrimination asserting claims virtually identical to Coghlan's and O'Hara's – that the FAA's practice under its Core Compensation System of failing to pay annual increases to older, high-performing employees and, instead, paying discretionary cash awards adversely affects employees protected by the ADEA, and that the FAA's implementation of this practice in 2004 and thereafter violated the ADEA and entitles them to a remedy.

11. On or about March 23, 2005, Coghlan and Timothy O'Hara, another FAA employee, filed a class complaint of discrimination ("the O'Hara/Coghlan class age complaint") with the Department of Transportation, making this same allegation on behalf of themselves and a class of approximately 2000 current employees of the FAA with respect to FAA's failure to provide annual increases in 2005 and its payment instead of discretionary cash awards that are not included in base salary.

12. On or about April 5, 2005, the Department of Transportation acknowledged receipt of the O'Hara/Coghlan class age complaint and notified O'Hara and Coghlan that the Department had transferred the class age complaint to the Equal Employment Opportunity Commission Office of Federal Operations (EEOC OFO) pursuant to 29 C.F.R. Part 1614, Section 1614.204.

13. On or about August 26, 2005, the Defendant filed a motion with the Administrative Judge at the EEOC OFO to terminate the O'Hara/Coghlan class age complaint, based on the pendency of the instant case.

14. On or about October 12, 2005, O'Hara and Coghlan filed a response to the Defendant's motion to terminate the O'Hara/Coghlan class age complaint, agreeing to withdraw that class complaint because the issues therein were the same as in this pending case. Exhibit 1, *Class Agents' Response to Agency's Motion to Terminate Class Action*. On or about October 12, 2005, the EEOC OFO Administrative Judge granted Defendant's motion, closed the case, and returned jurisdiction of the case to the Department of Transportation. The Department of Transportation has not acted on the returned class complaint. However, since the FAA requested that the EEOC OFO class complaint be terminated, it is likely that the Department will dismiss or otherwise reject the O'Hara/Coghlan class age complaint.

15. Meanwhile, Coghlan originally filed this action on or about July 26, 2005 so as not to waive or lose his rights, or the rights of similarly situated FAA employees who should have received increases in base pay in 2004, including but not limited to those who filed claims that the FAA's failure to pay annual increases in base salary has a disparate impact on older employees and constitutes both disparate impact and disparate treatment discrimination.

16. As a result of the FAA's practice, Coghlan and similarly situated FAA employees received less pay with each paycheck in 2004, and continuing thereafter, than they would have received had the FAA not implemented this discriminatory practice. Similarly, O'Hara, Coghlan and similarly situated FAA employees received less pay with each paycheck in 2005 than they would have received had the FAA not implemented this practice.

Case 1:05-cv-01476-PLF     Document 8     Filed 12/24/2005     Page 5 of 10

17. As a result of the FAA's practice, Coghlan, O'Hara and similarly situated FAA employees accrued less in retirement benefits in 2004 and subsequent years than younger workers who received annual increases to their base salary.

18. As a result of the FAA's practice, Coghlan, O'Hara and similarly-situated FAA employees suffer a continuing age discrimination violation in the form of a continuing reduction in their base salary and their accrual of retirement benefits, which are based on base salary.

## CLASS ACTION ALLEGATIONS

19. Paragraphs 1 through 18 are incorporated by reference.

20. Coghlan's and O'Hara's claims are maintained as a class action pursuant to Rule 23(a) and (b)(2) and (3) of the Federal Rules of Civil Procedure, in that the class of employees affected by the practice is so numerous, consisting upon information and belief of approximately 2057 FAA employees, that joinder of all class members is impracticable. Moreover, questions of law and fact common to all class members predominate over individual legal and factual questions. In addition, the claims and defenses of Mr. Coghlan and Mr. O'Hara are typical of, if not identical to, the claims of other FAA employees who filed claims in 2004 and 2005. Finally, Mr. Coghlan and Mr. O'Hara and their attorneys will fairly and adequately protect the interests of the class of employees.

21. The Defendant, through the FAA, has acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief and declaratory relief with respect to the class of FAA employees as a whole who were affected by the aforementioned pay practice in 2004 and subsequent years.

22. Questions of law and fact common to the entire class predominate over questions pertaining to individual FAA employees in the class, and therefore a class action is superior to other methods for the fair, efficient and expeditious resolution of this controversy.

23. Mr. Coghlan, an attorney working for the FAA, and Mr. O'Hara, who has collected information about the effect of the pay practice on older FAA employees and who communicates with his FAA co-workers on a regular basis regarding this pay practice and its effects, can adequately represent the class.  They are currently employed at the FAA, their claims are typical of, if not identical to, the claims of other older employees regarding this pay practice, they are well-informed about this practice, their similarly situated co-workers have expressed to them an interest in being included in this litigation, and their counsel has experience in federal litigation and class actions and will fairly and adequately represent all members of the class.

24. A class action will achieve economies of time, effort and expense, and promote uniformity of decision and treatment with respect to similarly situated employees without sacrificing procedural fairness or bringing about other undesirable results.  It is unlikely that an individual class member's interest in controlling his or her own claim or litigation will be compromised by conducting this case as a class action.

25. The remedy sought in the O'Hara/Coghlan class age complaint (EEOC No. 100-2005-00610X) that was before EEOC OFO was for lost retirement benefit accruals and pay in pay periods beginning in January 2005.  Coghlan's original individual age discrimination complaint, which was denied by EEOC OFO on or about April 27, 2005, sought a remedy of lost retirement benefit accruals and pay in pay periods beginning January 2004.

7

26. Both claims for lost benefit accruals and pay for pay periods in 2004 and thereafter, and in 2005 and thereafter, can be adjudicated in this Court as part of this case, as the liability issues underlying both sets of claims are identical.

27. Upon information and belief, the Defendant and the FAA are aware that their Core Compensation System disadvantages older employees and have taken no steps to remedy this disadvantage.

**Violation of the ADEA (Disparate Impact, Disparate Treatment and Continuing Violation)**

28. Paragraphs 1 through 27 are incorporated by reference.

29. Defendant's maintenance of the Core Compensation System in 2004 and thereafter, in particular the practice of failing to provide annual increases in base salary and paying discretionary cash awards that are not included in base salary or in the computation of class members' retirement benefits, constitutes discrimination on the basis of age through its disparate impact on older FAA employees.

30. Defendant's maintenance of the Core Compensation System in 2004 and thereafter, in particular the practice of failing to provide annual increases in base salary and paying cash awards that are not included in base salary or in the computation of class members' retirement benefits, constitutes discrimination on the basis of age through disparate treatment of older FAA employees, in that the Defendant and the FAA are aware the practice compensates older employees less favorably, and notwithstanding their awareness, knowingly continue this discriminatory practice.

31. Defendant's maintenance of the above pay practices constitutes a continuing violation of the ADEA.

32. Defendant and the FAA have the ability and resources to develop and implement pay systems for FAA employees, including Coghlan, O'Hara and this class of similarly situated FAA employees, that do not have the effect of paying older workers less in base salary and benefits.

## RELIEF REQUESTED

Wherefore, Plaintiffs Malachy Coghlan and Timothy O'Hara, on behalf of themselves and the class of similarly situated FAA employees who did not receive annual increases in base salary in 2004 and thereafter, including but not limited to the 100 or more FAA employees who filed individual claims of age discrimination with respect to their 2004 and 2005 compensation, request that the Court grant them the following relief:

A. A declaration that Defendant and the FAA have violated the ADEA by the above-described conduct and practices;

B. For each class member, back pay and benefits consisting of the difference in base salary and benefit accruals s/he would have received in 2004 and thereafter had s/he been paid annual increases to base salary in 2004 and thereafter in the same manner as younger workers received increases to base salary;

C. An injunction directing the Defendant to, with respect to the members of the class and other similarly situated FAA employees, cease the practice of failing to provide annual increases to older workers while paying occasional and discretionary cash awards that do not result in increases in base salary and retirement accruals, and begin paying the affected older employees annual increases in base salary in the same manner the FAA pays younger workers, effective immediately.

9

        D.        Reasonable attorney's fees and costs; and

        E.        Such other relief as the Court deems just.

Respectfully submitted,

_____
Barbara Kraft    D. C. Bar No. 358563
Kraft Eisenmann Alden, PLLC
1001 Pennsylvania Ave., NW  Suite 600
Washington, DC  20004
(202) 783-1391
Fax (202) 783-1392
bkraft@kea-law.com