UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY O'HARA, MALACHY COGHLAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NORMAN Y. MINETA, SECRETARY, U. S. DEPT. OF TRANSPORTATION, <br><br> Defendant. | C. A. No. 05-1476 (PLF) |

**DECLARATION OF LOUIS R. LANIER, PH. D.
CONCERNING DATA REQUIREMENTS FOR UNDERSTANDING
THE CORE COMPENSATION SYSTEM**

1. My name is Louis R. Lanier, and I am a Managing Economist at Nathan Associates Inc., an economic consulting firm in Arlington, Virginia. My work at Nathan Associates involves litigation consulting and policy analysis. I have worked on several class action cases involving claims of employment discrimination, and my policy analysis work is primarily in the area of labor economics. My resume is attached to this declaration as Appendix A.

2. Plaintiffs' counsel has asked me to provide an opinion concerning the nature of the data required to perform statistical and other empirical analyses of the issues related to this litigation. In order to do so, I have examined the <u>Amended Class Action Complaint</u> to determine what questions of fact could be addressed in the framework of an empirical analysis. For the purposes of this declaration, my focus is not on the assessment of any potential economic damages incurred by the plaintiffs as a result of the alleged

conduct of the defendant, but, instead, my focus is on issues regarding liability for age discrimination and class certification.

3. Along these lines, there are several important questions that, in my opinion, need to be addressed, and could best be addressed, in the context of an empirical analysis. In the interest of brevity, I have distilled the various areas of inquiry into one over-arching question:

- Does the design of the Core Compensation System, whether intended or not, ultimately result in discrimination against older FAA employees?

4. The primary implication of this question is that, in my view, in order to assess the merits of the proposed class' allegations, not only does the administration of the Core Compensation System need to be understood, but, more importantly, data concerning the functioning and operation of the Core Compensation System must be obtained, analyzed, and understood. It is not enough to simply know the rules governing the system, and it is not enough to have specific data pertaining only to the named plaintiffs. By definition, the only way to determine if age discrimination is occurring is by a comparison of proposed class members to other similarly-situated individuals within the FAA, both under and over the age of 40.

5. The likelihood that an employee over the age of 40 will be adversely affected by a pay practice, as alleged, relative to that of an employee under the age of 40, can be reliably assessed using statistical methods, or other types of empirical analyses, if the appropriate data exist and are made available. Therefore, it is my opinion that detailed personnel and payroll data covering the time period since the implementation of the Core

Compensation System (or as much of that time period as possible) are needed in order to assess the ultimate effects of the system on FAA employees.

6.  Such personnel data would need to include employee age or birth date, job position, pay band, dates of moves within and across jobs and pay bands, and exempt or grandfathered status. Payroll data showing earnings and, in particular, the history of pay increases, such as the OSI and SCI awards, are needed to determine the frequency of such increases and their likelihood for employees of different age groups, pay bands, etc. It should also be noted that payroll data are often a much more reliable source of information concerning the timing of personnel moves, because pay changes associated with those moves can easily be tracked in the payroll data. Furthermore, as an economist, I am most concerned with the actual date of a change in economic costs and benefits, and payroll data are usually the most accurate in that regard.

7.  Other types of personnel information, including, but not limited to, date of hire by the FAA, total tenure with the Federal Government, college degree status, any relevant licenses or certifications, and/or performance assessments may be useful for isolating the effect of age from other employee characteristics that influence pay.

8.  A fundamental concept in economics is that the letter of the rules defining the implementation of a policy and the actual effects of that policy are two different issues that must be addressed separately. Ideally, analysis of a number of variables, including those mentioned above, is needed if one is to gain a thorough understanding of the impact of certain elements of the Core Compensation System on FAA employees. In my opinion, the variables discussed above represent the minimum needed to properly address the issues relevant to this litigation.

_____    Date __04/10/06__
Louis R. Lanier

# LOUIS R. LANIER



**CURRENT POSITION**

Managing Economist, Nathan Associates Inc.

**EDUCATION**

Ph.D.   Applied Economics, Clemson University, 2001
B.S.     Economics, Clemson University, 1993

**SPECIALIZED EXPERIENCE**

Applied Microeconomics, Labor Economics, Industrial Organization, Econometrics

Doctoral Dissertation – *The Political Economy of Rent Sharing*
- Theoretical and empirical analyses of the effects of network industry deregulation on labor earnings

**PAST POSITIONS**

| | | |
|---|---|---|
| 1999 – 2001 | Faculty, Public Policy Ph.D. Program, Clemson University | Clemson, SC |
| 1998 – 2001 | Research Associate, Strom Thurmond Institute of Government & Public Affairs, Clemson University | Clemson, SC |
| 1993 – 1998 | Graduate Teaching Assistant, John E. Walker Department of Economics, Clemson University | Clemson, SC |

**EXPERIENCE SUMMARY**

- Employment Litigation
    - Labor Supply: relevant hiring and promotion pools
    - Human Capital and Wage Determination
    - ESOP Valuation
    - Discrimination
    - Econometrics: application to large datasets
- Antitrust Litigation
    - Market Power & Competition
    - Impact Assessment
    - Economic Damages
- Class Certification
- Commercial Litigation
    - Real Estate Valuation
    - Drug Patent Valuation
    - Contract Disputes
- Policy Analysis

LOUIS LANIER

## CONSULTING EXPERIENCE

**Employment Litigation**

*John Tucker, et al., v. Walgreen Company* (US District Court for the Southern District of Illinois, East St. Louis Division, Case No. 05-CV-440-GPM). Serving as economic expert on behalf of a proposed class of African American employees of a large pharmacy chain in a racial discrimination lawsuit.

*Fermin Colindres, et al., v. Quietflex Manufacturing Co., L.P., et al.* (US District Court for the Southern District of Texas, Houston Division, Civil Action No. H 01-4319 consolidated with H-01-4323). Submitted an expert report regarding certification of a class of Hispanic workers in a racial/ethnic discrimination case against a manufacturer of air-conditioning ducts; testified by deposition.

*Michael Brionez, et al., v. United States Department of Agriculture, et al.* (US District Court for the Northern District of California, Oakland Division, No. C 01 3969 CW). Submitted an expert report regarding allegations of non-compliance with the goals of a settlement agreement between Region 5 of the U.S. Forest Service and a class of Hispanic workers; expert testimony accepted by the Court.

*David Cokely, et al., v. The New York Convention Center Operating Corporation d/b/a Jacob K. Javits Convention Center of New York, et al.* (US District Court, Southern District of New York, No. Civ. 4637 (CBM)). Serving as economic consultant on behalf of a proposed class of African-American and Hispanic workers in a racial/ethnic discrimination case against a large urban convention center.

*Robert Wright, et al., v. Henry J. Stern, et al.* (US District Court, Southern District of New York, No. 01 CV 4437). Serving as economic consultant on behalf of a certified class of African-American and Hispanic employees of the New York City Department of Parks and Recreation in a racial/ethnic discrimination lawsuit.

*Nicola Smikle, et al., v. Coca-Cola Enterprises, Inc.* (US District Court, District of New Jersey, No. 03 CIV 431 (MLC)). Served as economic consultant on behalf of a proposed class of African-American employees in a racial/ethnic discrimination case against a large wholesale distributor.

*Gonzales, et al., v. Abercrombie and Fitch Stores, Inc.* (US District Court, Northern District of California, San Francisco/Oakland Division, No. 03-2817 SIO). Served as econometric consultant on behalf of plaintiffs in a class action racial/ethnic discrimination case against a nationwide retail chain.

*Bouman, et al., v. Baca* (US District Court, Central District of California, No. CV 80-1341-RMT). Served as econometric consultant on behalf of plaintiffs in a class action gender discrimination case against a large urban police department.

*Maria Gamble, et al., v. Wal-Mart Stores, Inc.* (Supreme Court of the State of New York, County of Albany, No. 7121-01). Served as economic consultant on behalf of plaintiffs in a case against a large retail chain in New York State involving allegations of wages and hours violations.

*O'Bannon, et al., v. Friedman's Jewelers, Inc.* (US District Court, District of Maryland, Southern Division, No. AW-03-623). Served as economic consultant on behalf of a proposed class of African-American employees in a racial/ethnic discrimination case against a regional retail chain.

*Amin, et al., v. The Home Depot* (US District Court, District of Maryland, Southern Division, No. PJM 02-CV-02891) and *Dietz, et al., v. The Home Depot* (US District Court, District of Maryland, Southern Division, No. PJM 02-CV-02892). Served as economic consultant for plaintiffs in racial/ethnic discrimination cases against a nationwide home improvement chain.

LOUIS LANIER

**Antitrust and Commercial Litigation**

*Westbard Apartments, LLC, et al., v. Westwood Joint Venture, LLC, et al. (Circuit Court for Montgomery County, Maryland, C.A. No. 259099).* Submitted an expert report on behalf of defendants regarding economic damages related to a commercial real estate contract dispute; testified by video-taped deposition.

*In re: Plastics Additives Litigation. (US District Court, Eastern District of Pennsylvania, No. 03-CV-2038-LDD).* Serving as economic consultant on behalf of plaintiffs in a class action antitrust case involving additives used in the production of plastic resins.

*Maui Pineapple Company, Ltd., et al., v. Del Monte Corporation, et al. (US District Court, Northern District of California, San Francisco Division, No. C 01-1449 CRB).* Served as economic consultant for plaintiffs in an antitrust case involving intellectual property rights to pineapples.

*In re: Wellbutrin SR Antitrust Litigation (US District Court, Eastern District of Pennsylvania, No. 204-CV-05525).* Served as economic consultant on behalf of plaintiffs in a class action antitrust case involving patent fraud allegations.

*Diamond Chemical Company, Inc., et al., v. Atofina Chemicals, Inc., et al. (US District Court, District of Columbia, No. 1 02 CV 01018).* Served as economic consultant on behalf of plaintiffs in a class action antitrust case involving the Monochloracetic Acid industry.

*INO Therapeutics, Inc., et al., v. Sensormedics Corporation, et al. and Sensormedics, et al., v. INO Therapeutics, Inc., et al. (US District Court, District of New Jersey, No. 00-6033 (AET)).* Served as economic consultant for defendants and counter-claimants in an antitrust case involving nitric oxide medical applications.

*New Boston Fund, Inc., et al., v. The JBG Companies, et al. (Circuit Court for Arlington County, Virginia, No. 02-741).* Served as economic consultant for defendants in a contract disupute case involving commercial real estate valuation.

*Exhaust Unlimited, Inc., et al., v. Cintas Corporation, et al. (US District Court, Southern District of Illinois, No. 02-614-MJR).* Served as economic consultant on behalf of plaintiffs in a class action antitrust case involving textile rental services.

*Nexus Fiber Optic Co., Ltd., v. Gould Optronics, Inc., et al. (International Centre for Dispute Resolution, American Arbitration Association, New York, New York, No. 50 T 199 00428 02).* Served as economic consultant for respondent and couter-claimant in a contract dispute arbitration involving fiber-optic couplers.

*Phelps Dodge Corp., et al., v. U.S. Energy Corp., et al. (US District Court, District of Colorado, No. 02-B-0796 (PAC)).* Served as economic consultant for defendant in an antitrust case involving molybdenum mining.

*In re: Monosodium Glutamate Antitrust Litigation (US District Court, District of Minnesota, No. 00-1328).* Served as economic consultant on behalf of plaintiffs in a class action antitrust case involving the MSG industry.

**Policy Research**

- Representation of females among firefighters in the United States.
- Racial and Gender distributions of blue collar workers in the Washington, DC metro area.
- The fiscal sustainability of South Carolina's State revenue and expenditure system.
- Public education in South Carolina and the Southeast.
- The role of the personal income tax in fiscal budgeting.

LOUIS LANIER

## PUBLICATIONS

Lanier, Louis R. and Ellen Weeks Saltzman. *South Carolina Revenues and Expenditures: Historical Trends and Projections to 2010-11,* Fiscal Sustainability Report Series, The Jim Self Center on the Future of The Strom Thurmond Institute of Government and Public Affairs: Clemson, SC. August 29, 2001.

Lanier, Louis R. and Ellen Weeks Saltzman. *Public Education and Greenwood County: A Benchmarking Tool.* The Jim Self Center on the Future of The Strom Thurmond Institute of Government and Public Affairs: Clemson, SC. December 31, 1999.

## AWARDS AND HONORS

Outstanding Performance on the Econometrics Comprehensive Ph.D. Examination, John E. Walker Department of Economics, Clemson University, 1996