UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
MALACHY COGHLAN, et. al.        )
                                )
                Plaintiff,      )
                                )
                v.              )  Civil Action No. 05-1476 (PLF)
                                )
NORMAN Y. MINETA, Secretary,    )
Department of Transportation,   )
                                )
                Defendant.      )
                                )
_____ )
```

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

Comes now the Secretary of Transportation, in his official
capacity and through legal counsel, to reply to the Plaintiffs'
Opposition To Defendant's Motion To Dismiss, Or In The
Alternative, Motion For Summary Judgment.  As will be
demonstrated by the following discussion, Plaintiffs' response is
legally defective and without merit; therefore, Defendant's
Motion should be granted.

I. Procedural History

On January 23, 2006, the following were filed: Defendant's
Renewed Motion To Dismiss, Or In The Alternative, For Summary
Judgment; and Defendant's Statement of Material Facts As To Which
There Is No Genuine Dispute, with exhibits in support thereof.
(hereinafter referred to collectively as Defendant's Renewed
Motion).  The following procedural arguments were raised in that
motion:

    A. Failure timely to exhaust administrative remedies
        1. The claims regarding the 2004 pay adjustments must be dismissed due to the Plaintiffs' failure to exhaust age discrimination allegations concerning the application of the Core Compensation Policy.
        2. The claims concerning 2005 pay adjustments  must be dismissed due to Plaintiffs' failure to timely contact an EEO Counselor regarding class wide allegations of age discrimination.
        3.  Mr. Coghlan's individual claim was untimely.

    B. Plaintiffs' disparate impact claims must be dismissed for failure to state a claim and lack of jurisdiction given the lack of any waiver of sovereign immunity for such a claim.

    C. Plaintiffs' disparate treatment claims must be dismissed for failure to state a claim.

On April 10, 2006, Plaintiffs filed Plaintiffs' Opposition To Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment and responded to Defendant's proffered statement of material facts. (hereinafter collectively referred to as Plaintiffs' Opposition).

## II. Factual Background

Significantly, paragraphs 1-3, 6, 7, 8, 9, 11, 14, 15, 18, 19, 20, 22, 23, 24, 25, 27, 28 of Plaintiffs' Statement of Material Facts in Dispute all begin with the clause "Plaintiffs do not dispute." For example, Plaintiffs do not dispute that: 1) the "salary ranges for positions in the

core compensation system, as in the GS system, are based
upon the relative value of the work performed by the
position," 2) Plaintiff Coghlan did not receive an increase
in his base pay in January 2004; 3) Plaintiff O'Hara did not
receive an increase in his base pay in 2003, 2004, and 2005;
4) both Plaintiffs are in the J pay band; and 5) the FAA
Administrator has the authority to increase or decrease the
minimum and maximum pay for the pay bands.  <u>See</u> Plaintiffs'
Opposition, Paragraphs (Pars.) 4, 6, 21, 22, and 23.  Also,
none of Plaintiffs' Statements of Material Facts in Dispute
contain any express or explicit "denial" of Defendant's
Statement of Material Undisputed Facts, and any potential
dispute that could be said to remain would not preclude
summary judgment for defendant.

Attached to Plaintiffs' Opposition were declarations
from Timothy O'Hara and Louis R. Lanier, PH.D.  Mr. O'Hara's
declaration only contains his subjective allegations of
discrimination based on "his belief and knowledge" typically
with no reference to any evidence or personal knowledge.
Plaintiffs' Exhibit 1.  Similarly, Dr. Lanier's declaration
only contains his identification of data requirements or
discovery requests associated with an examination of "issues
regarding liability for age discrimination and class
certification."  Plaintiffs' Exhibit 2 at 2.

-3-

In terms of legal arguments, Plaintiffs merely contend that granting Defendant's motion is premature without giving them the opportunity to engage in discovery, but have not identified: 1) what facts are sought and how they are to be obtained; 2) how these facts are reasonably expected to raise genuine issues of material fact with regard to Defendant's procedural arguments; 3) what efforts have been made to obtain the information; or 4) why such efforts were unsuccessful. At no point in their pleading do Plaintiffs allege that discovery is necessary to establish this Court's jurisdiction over all of the allegations in the complaint. And, their suggestion that broad discovery should be permitted even in advance of the Court's resolution of the threshold question of whether there has been enacted a clear waiver of sovereign immunity for a disparate impact claim, see Plaintiff's Opp. at 6-7, would be inconsistent with both Fed. R. Civ. P. 1 and 56. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986).[1]

---

[1] In Celotex, the Supreme Court instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327 (quoting Fed. R. Civ. P. 1.).

<u>III. Argument</u>

**1.    The Defendant's Motion for Summary Judgment should be granted because Plaintiffs have not Complied with Local Rule LCvR 7(h) and Federal Rule of Civil Procedure, Rule 56.1**

It is well established in this Circuit that courts strictly adhere to the dictates of Local Civil Rules 7(h) and 56.1 and may strike pleadings not in conformity with these rules. <u>See</u> <u>Burke v. Gould</u>, 286 F.3d 513, 519 (D.C. Cir. 2002).  Accordingly, a party responding to a statement of material facts must respond to each paragraph with a correspondingly numbered paragraph, indicating whether that paragraph is admitted or denied. <u>See</u> D.C. Local Civil Rule (LCvR) 7(h); Fed. R. Civ. P. 56.  The responding party should include any information relevant to its response in that paragraph.  <u>Id.</u>  If the responding party has additional facts that are not addressed in the corresponding paragraphs, the responding party should include these at the end of its responsive statement of facts.  <u>Id.</u>  In all responses, parties must furnish precise citations to the portions of the record on which they rely. <u>Id.</u>  In fact, this Circuit has affirmed the grant of summary judgment where the non-moving party failed to cite any evidence in the record, and in the statement of genuine factual issues, "did not set forth specific, material facts, but simply asserted, without citing evidence in the record, that there was a disputed issue[.]" <u>Burke</u>, 286 F.3d at 518 (*quoting* <u>Tarpley v. Greene</u>, 684 F.2d 1, 7 (D.C. Cir. 1982)).  Under these

-5-

circumstances, the Court assumes facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion. LCvR 7(h), 56.1.

Plaintiffs' Statement of Disputed Facts is legally deficient to withstand summary judgment. Seldom in Plaintiffs' Statement of Disputed Facts is there an explicit or express denial of any of the 31 statements made by Defendant. Additionally, Plaintiffs' Statement contains numerous assertions "without citing evidence in the record, that there are a disputed issue[.]" See e.g. Burke, 286 F.3d at 518. Indeed paragraphs 1-3, 6,7, 8, 9 11, 14, 15, 16, 18, 19, 20, 22, 23, 24, 25, 27, and 28 of Plaintiffs' Statement of Material Facts in Dispute all begin with the clause "Plaintiffs do not dispute . . .," while paragraphs 4 and 5 reflect Plaintiffs disagreement with Defendant's "characterization" or "assertion." In other words there are only 7 paragraphs in Defendant's Statement of Material Facts that Plaintiffs arguably "dispute." Moreover, there is a discrepancy in the numbering between Defendant's Statement of Undisputed Facts attached to its Renewed Motion and Plaintiffs' Statement of Disputed Facts.[2] Under these circumstances, since

_____

[2] It is noted that the numbering in Plaintiffs' Statement Of Material Facts In Dispute does not appear to correspond to Defendant's Statement Of Material Undisputed Facts. For example, the paragraph 9 in Defendant's Statement Of Material Undisputed Facts specifies that OSI and SCI disbursements typically are made

Plaintiffs have failed to comply with LCvR 7(h), 56.1 and the Court "is under no obligation to sift through the record and should '[i]nstead . . . deem as admitted the moving party's facts by the non-moving party's Rule [LCvR 7(h)] statement." See Czekalski v. Mineta, 2005 WL 975679, *3 (D.D.C. 2005)(*quoting* Securities and Exchange Commission v. Banner Fund International, 211 F.3d 602, 612 (D.C. Cir. 2001)).  More importantly, Plaintiffs have failed to indicate in Plaintiffs' Opposition how the facts that they are allegedly disputing are relevant and material to their ability to address the jurisdictional grounds for dismissal raised by Defendant.  For these reasons and those previously set forth, Defendant's Motion should be granted.

### 2.   The Defendant's Motion for Summary Judgment should be granted because Plaintiffs have failed to Comply with Federal Rule of Civil Procedure, Rule 56(f)

As identified above, in Defendant's Renewed Motion, Defendant raised several procedural arguments as justification for dismissing the instant complaints. Plaintiffs' latest pleading contains numerous assertions

---

in December and/or January of each year and that the pay adjustments typically become effective no later than the first pay period in January of each year.  However, Plaintiffs' Statement of Disputed Facts at paragraph 9 addresses their dispute with Defendant's alleged statements about "grandfathering."  To the extent that Plaintiffs did not deny or otherwise controvert each of the Defendant's Statements of Fact, they are admitted. See LCvR 7(h); see also Czakalski v. Mineta, 2005 WL 975679, *3 (D.D.C. 2005).

that they need discovery in order properly to respond.
However, Plaintiffs have failed to comply adequately with
Rule 56(f).  They did not make any effort to serve discovery
in lieu of filing a reply to Defendant's Motion.  They
merely make conclusory statements based on their information
and belief.  <u>See</u>  6 J. Moore & J. Wicker, Moore's Federal
Practice ¶ 56.22[1], at 56-1306 to -1312 (2d ed. 1985); 10A
C. Wright, A. Miller & M. Kane, Federal Practice and
Procedure § 2738, at 486-89 (2d ed. 1983) (stating that
conclusory statements made solely on information and belief,
are not sufficient to overcome a properly grounded motion
for summary judgment); <u>Benn v. UNISYS Corp.</u>, 176 F.R.D. 2
(D.D.C. 1997)(ruling that since plaintiff had merely raised
additional allegations in support of his opposition to
summary judgment, he had failed to raise any factual issues
sufficient to withstand summary judgment).  Additionally,
the declarations that were filed do not identify:  1) what
facts are sought and how they are to be obtained; 2) how
these facts are reasonably expected to raise genuine issues
of material fact with regard to Defendant's procedural
arguments; 3) what efforts have been made to obtain the
information; or 4) why such efforts were unsuccessful.  <u>See</u>
Fed. R. Civ. P. 56(f).  <u>See</u> <u>e.g.</u> <u>Banks v. Veneman</u>, 402 F.
Supp. 2d 43 (D.D.C. 2005); <u>Radack v. U. S. Department of</u>

-8-

<u>Justice</u>, 402 F. Supp. 2d 99 (D.D.C. 2005).  More importantly, the arguments that Plaintiffs are opposing are all procedural as opposed to addressing the merits of Plaintiffs' allegations.  As a result, the relevant facts are not in Defendant's exclusive control.  <u>C.f.</u> <u>Green v. American Broadcast Co.</u>, 647 F. Supp 1359, 1364 (D.D.C. 1986)(recognizing that when the evidence sought by the party resisting summary judgment is in the exclusive control of that party, Rule 56(f) does not allow for more time to conduct discovery); <u>see also</u> Declaration of Timothy O'Hara, ¶¶ 7-8 (noting Plaintiffs' ability to secure information through the Freedom Of Information Act ("FOIA") and otherwise).  Instead, Plaintiffs should have known and developed the relevant facts needed to oppose Defendant's Renewed Motion prior to filing the complaint because they had the burden of establishing that this Court has jurisdiction over their complaint.

Plaintiffs only attempt to identify what evidence would be developed through discovery is the declaration of Dr. Lanier.  Yet, the evidence identified by Dr. Lanier regarding liability for discrimination, <u>see</u> Plaintiffs Exhibit 2 at 2, is not relevant to the procedural or jurisdictional grounds upon which Defendant seeks to have its Renewed Motion granted.  Therefore, this Court should

conclude that the discovery sought is irrelevant, or wholly speculative, and that any relief under Rule 56(f) must be denied. <u>See</u> 6 J. Moore & J. Wicker, supra, ¶ 56.24, at 56-1437 to 56-1438; 10A C. Wright, A. Miller & M. Kane, supra, § 2741, at 558-59. <u>See also</u> <u>Robin Construction Co. v.</u> <u>United States</u>, 345 F.2d 610 (3rd Cir. 1965)(holding that one who resists summary judgment must state by affidavit the reasons for his inability to justify his opposition and these reasons must be genuine and convincing rather than merely colorable doubts, for it is not enough to rest upon the uncertainty which broods over all human affairs, or to pose philosophical doubts regarding the conclusiveness of evidentiary facts).

**3.    The Plaintiffs' complaints must be dismissed for lack of standing because they have failed to demonstrate that they are aggrieved.**

To establish Article III standing, a plaintiff must demonstrate that: "(1) he has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." <u>Foretich v. United States</u>, 351 F.3d 1198, 1210 (D.C. Cir. 2003) (citing <u>Friends of the</u> <u>Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.</u>, 528 U.S. 167,

180-81 (2000), and <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992)).  "Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." <u>Mudd v. White</u>, 309 F.3d 819, 823 (D.C. Cir. 2002) (quoting <u>Defenders of Wildlife</u>, 504 U.S. at 560-61)).

In the present case, Plaintiffs contend that Defendant's pay practices discriminate on the basis of age.  Defendant in his Statement of Undisputed Facts, as supported by Chris Early's declaration, established that Mr. Coghlan's and Mr. O'Hara's base salary rates under the GS system (excluding locality pay) would currently be $101,130.00; however, under the Core Compensation Plan, both have a current base salary rate (excluding locality pay) of $102,300.00.  <u>See</u> Defendant's Exhibit 17, ¶ 13.  Nowhere in their Statement of Disputed Facts did Plaintiffs provide any evidence controverting this statement.  Plaintiffs do not allege that they would have been eligible to receive a within grade increase or quality step increase, but even if they had, such an assertion is far too speculative.  <u>See</u>, <u>e.g.</u>, <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 569 n.4 (1992) (explaining that "[t]he existence of federal jurisdiction ordinarily depends on facts *as they exist when the complaint is filed"* - later fulfillment of

the standing requirements does not give plaintiffs standing.)(emphasis in original). In addition, such information about what their salary would have been if they had not been converted into Core Compensation is not information within the exclusive control of Defendant. See e.g. www.opm/oca/06tables/html/go.asap (General Schedule Pay Table effective January 2006 including the 2.10% GS increase which reflects that a GS-14, Step 10 was receiving a base salary (excluding locality pay) of $101,130.00). As a result, Plaintiffs' failure to refute this factual statement, particularly when they have available to them the expertise of PhD in economics, see Plaintiffs' Exhibit 2 at 2, cannot be justified based on an unsubstantiated assertion of the need for discovery. See 6 J. Moore & J. Wicker, supra, ¶ 56.24, at 56-1432 (recognizing that "[t]he mere averment of exclusive knowledge or control of the facts by the moving party is not adequate; the opposing party must show to the best of his ability what facts are within the movant's exclusive knowledge or control"). Accordingly, because the named Plaintiffs' base salaries are actually higher than they would have been under the GS system, they have not been harmed by the implementation of the Core Compensation System. Therefore, Plaintiffs lack standing to bring their complaints and the complaints must be dismissed.

Moreover, Plaintiff O'Hara stated that "To the best of my

knowledge, with the exception of pay bands J and K under the FAA's Core Compensation Pay System, the maximum compensation includable in base pay is higher for comparable employees under the GS system than under the Core Compensation System." Plaintiff's Exhibit 1, ¶ 2.  In others words Plaintiffs, who do not dispute that they both are in positions in the J pay band, have admitted that employees at pay bands A through I and L through M have not been harmed by the implementation of the Core Compensation System since they are receiving higher pay under the new system.  As a result, Plaintiffs lack standing to challenge the Defendant's Core Compensation System with regard to its application to positions in the C through I pay bands.

Additionally, Plaintiffs admitted for purposes of Defendant's motion that the "salary ranges for positions in the core compensation system, as in the GS system, are based upon the relative value of the work performed by each position."  See Plaintiffs' Response To Statement Of Facts, ¶ 4.  This statement is a clear indication that the Core Compensation System was implemented for reasons other than age which belies any assertion that Defendant's action were based on discriminatory age animus.  Indeed, when coupled with the fact that Plaintiffs' base salaries have actually increased under the Core Compensation System, these admissions serve to further highlight that Plaintiffs lack

standing to assert that they were somehow harmed by Defendant's Core Compensation System.  See, e.g., Czekalski v. Mineta, 2005 WL 975679 (D.D.C. 2005)(holding that plaintiff lacked standing to bring an allegation of disparate treatment based on sex with regard to Agency's promotion policies associated with the Senior Executive Service ("SES") positions since she had in fact been promoted to an SES position).

###    4.    Plaintiffs' class-wide allegations regarding the 2004 awards must be dismissed because Plaintiffs failed to exhaust administrative remedies

It is well established that before an action in federal court can proceed, plaintiffs must first satisfy the applicable jurisdictional prerequisites, i.e., filing timely charges of employment discrimination with the Equal Employment Opportunity Commission ("EEOC").  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973).  In fact, this Court has found that a plaintiff must exhaust class action administrative remedies prior to raising such class claims of discrimination in federal court. James v. England, 226 F.R.D. 2, 3 (D.D.C. 2004).  Specifically, this Court has found that exhaustion of individual administrative claims of discrimination is insufficient to satisfy the exhaustion requirement for bringing class action allegations of discrimination in federal court; instead, only administrative

class action claims satisfy the exhaustion requirement for federal class action claims of discrimination. <u>Id.</u>; <u>see</u> <u>also</u> <u>Gulley v. Orr</u>, 905 F.2d 1383, 1384-85 (10th Cir. 1990)(holding that exhaustion of individual administrative remedies is insufficient to commence a class action in federal court; rather, one of the named plaintiffs must have exhausted class administrative remedies). The evidence of record demonstrates that the exhaustion requirements have not been satisfied by these Plaintiffs.

In the present case, Plaintiffs do not dispute that they did not file a class action complaint regarding the Organizational Success Increase (OSI) and Superior Contribution Increase (SCI) awards issued in 2004. <u>See</u> Plaintiffs' Opposition at 14 ("Coghlan's individual administrative compliant in August 2004 . . . and his class administrative complaint filed with O'Hara in March 2005 . . . ."). Instead, they merely argue that their complaint should not be dismissed under Rules 12(b)(1), 12(b)(6) or 56 of the Federal Rules of Civil Procedure and that discovery is needed. This response is legally deficient and factually erroneous. Plaintiffs bear the burden of establishing subject matter jurisdiction. <u>See</u>, <u>e.g.</u>, <u>Totten v. Norton</u>, 421 F. Supp. 2d 115, 123 (D.D.C. 2006). Information about what actions Plaintiffs assert would satisfy the applicable jurisdictional prerequisites for bringing this class action based on awards in

2004 is in the exclusive control of the Plaintiffs.  Resolution
of this issue is not dependent upon nor would it be furthered by
discovery.  More importantly, Plaintiffs have admitted that they
did not file an administrative class action regarding their
allegations concerning the 2004 awards.  Therefore, as a matter
of law, the class-wide discrimination allegations related to the
2004 awards must be dismissed because Plaintiffs have failed to
exhaust class action administrative remedies for the 2004 awards.
See James, 226 F.R.D. at 3.  See also Artis v. Greenspan, 158
F.3d 1301 (D.C. Cir. 1998)(holding that a failure to present
class-wide claims during EEO Counseling was a failure to exhaust
administrative remedies thereby depriving the court of
jurisdiction).


        **5.   Plaintiffs' individual complaint regarding the 2004
              awards as well as class wide complaint regarding the
              2005 awards must be dismissed because Plaintiffs
              failed to exhaust administrative remedies.**

        Plaintiffs admit that the individual administrative
complaint in 2004 and the class wide administrative complaint in
2005 did not contain allegations that they were discriminated
against because the OSI and SCI awards had not been included in
each pay check.  See Plaintiffs' Opposition at 13.  In addition,
Plaintiffs admit that Plaintiff O'Hara did not receive an
increase in his base pay in 2003, 2004 and 2005 as a result of an
OSI or SCI award.  Plaintiffs' Response To Statement Of Facts, ¶

22.  Similarly Plaintiffs admit that Plaintiff Coghlan "received a portion of his OSI and SCI as an increase to his base pay, which until then had been below the maximum pay band J, and that he received the remainder of his pay increase as a lump sum." Plaintiffs' Response To Statement Of Facts, ¶ 23.  Nonetheless, they contend that Plaintiff Coghlan's individual complaint filed in 2004 and the class action complaint filed in 2005 were timely since they were like or related.  See Plaintiffs' Opposition at 13.  In addition, they appear to be raising allegations about the 2003 awards in their brief.  These arguments are not legally tenable.

     Generally, federal employees must exhaust remedies available through administrative processes before calling on the federal courts for aid.  See generally National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002); Bayer v. U.S. Department of Treasury, 956 F.2d 330, 332 (D.C. Cir. 1992).  Accordingly, a plaintiff must bring an administrative complaint to an EEO Counselor within 45 days of the alleged personnel action or risk losing the right to bring that claim before a federal court. Nurriddin v. Goldin, 382 F. Supp. 2d. 79, 92-93 (D.D.C. 2005).[3] The administrative charge requirement serves the important purposes of giving the charged party notice of the claim and the

-----

[3]  A possible alternative avenue of exhaustion under the ADEA was admittedly not employed by Plaintiffs in this action. See Plaintiffs' Response To Statement Of Facts, ¶ 28.

"opportunity to handle it internal[ly] and ensures that only claims plaintiff has diligently pursued will survive." Romero-Ostolaza v. Ridge, 370 F. Supp. 2d 139, 148-149 (D.D.C. 2005). Although it is true that the administrative charge requirement should not be construed to place a heavy technical burden on "individuals untrained in negotiating procedural labyrinths," Loe v. Heckler, 768 F.2d 409, 417 (D.C. Cir. 1985), it also is true that "the requirement of some specificity in a charge is not a 'mere technicality.'" Rush v. McDonald's Corp., 966 F.2d 1104, 1111 (7th Cir. 1992). In fact, a court cannot allow liberal interpretation of an administrative charge to permit a litigant to bypass the administrative process. Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398 (3d Cir. 1976) (stating principle in terms of Title VII administrative process). Moreover, as recognized by this Court, "Morgan bars recovery for the so-called continuing violation doctrine that allowed plaintiffs to recover for discrete acts of discrimination that were sufficiently related to the exhausted claim occurring before the statutory period as well as rejected recovery for discrete acts occurring after the filing of an administrative complaint." See Romero-Ostolaza v. Ridge, 370 F. Supp. 2d at 148-149; Nurriddin v. Goldin, 382 F. Supp. 2d. at 92-93.

Plaintiffs admit that the allegation of discrimination framed and litigated during the administrative process was

-18-

"whether they were discriminated against when the FAA implemented the Core Compensation System in 1998 that limited all employees at the maximum of their pay band to receive all future OSI and SCI awards as lump sum payments." See Plaintiffs' Opposition at 13.  By its very terms, the practice that Plaintiffs challenged during the administrative process was the award of lump sum payments which they have admitted typically became effective the first pay period in January and have further admitted that Plaintiffs were aware of this on January 11, 2004.  See Plaintiffs' Response To Statement Of Facts, ¶¶ 9, 21 and 23. Plaintiffs first contacted an EEO Counselor on August 10, 2004, regarding Plaintiff Coghlan's administrative individual complaint, id., ¶ 27, and in March 2005 regarding Plaintiffs' administrative class action complaint, see Plaintiffs' Opposition at 14.  Therefore, because Plaintiffs far exceeded the 45-day window in which to challenge the award of lump sum payments, they have failed timely to exhaust their administrative remedies and their complaints must be dismissed.  Brown v. Marsh, 777 F.2d 8, 13 (D.C. Cir. 1985).

Moreover, as a matter of law, Plaintiffs are barred from raising a continuing violation theory regarding a discrete act after Morgan.  See Romero-Ostolaza v. Ridge, 370 F. Supp. 2d at 148-149; Nurriddin v. Goldin, 382 F. Supp. 2d. at 92-93.  As a result, assuming arguendo that Plaintiffs were permitted to

bypass the procedural requirements based upon an interpretation of their administrative claim as encompassing their current civil claim, <u>i.e.</u>, each pay check is lower because of the discriminatory implementation of the Core Compensation System, every such allegation involving discrete acts that did not fall within the 45 day period prior to their filing each administrative complaint must be dismissed due to Plaintiffs' failure to exhaust administrative remedies.  <u>See</u> <u>Romero-Ostolaza</u> <u>v. Ridge</u>, 370 F. Supp. 2d at 148-149;  <u>Nurriddin v. Goldin</u>, 382 F. Supp. 2d. at 92-93.  Similarly, they would, as a matter of law, be barred from raising allegations concerning events that occurred after they filed their administrative complaints, so such allegations also must be dismissed due to Plaintiffs' failure to exhaust administrative remedies.  <u>Id</u>.

Plaintiffs attempt to excuse their tardiness by asserting that their claims are reflected in each paycheck resulting from a discriminatory policy and are therefore timely at any point.  <u>See</u> Plaintiff's Opposition at 14.  Plaintiff have admitted, however, that even with the Core Compensation Pay System in effect, the yearly decisions made in January or February of each year regarding OSI and SCI disbursements and the actual pay rates adopted are the significant facts that would affect their benefits.  <u>See</u> Plaintiffs' Response To Statement Of Facts, ¶¶ 6, 11-12, 14-15, 24.  Specifically, "Plaintiffs do not dispute that

-20-

the FAA Administrator's authority to increase or decrease the minimum pay and the maximum pay for the pay bands the FAA [was] created as part of the Core Compensation System." Id., ¶ 6. Thus, the "policy" about which Plaintiffs complain is not a policy that, in itself, limited their compensation. Instead, it simply set forth FAA's discretion to set maximum pay rates in the various bands. Thereafter, it was the exercise of that discretion each January or February that had an effect on the employees' pay and/or benefits. Thus, at best, Plaintiffs would be timely only in seeking to challenge the decisions to establish the OSIs and SCIs or pay band maximum figures that were made within the 45 days immediately preceding a plaintiff's EEO counseling that challenged such a decision. And, as noted, because both Mr. Coghlan and Mr. O'Hara have received greater pay through the Core Compensation Pay System, neither has standing to pursue such a claim anyway.

**6. Plaintiffs' complaints must be dismissed because they have failed to state a claim since they have failed to demonstrate that sovereign immunity has been waived for disparate impact claims filed pursuant to the ADEA**

Plaintiffs essentially argue that the Court should disregard decisions issued by the United States District Court for the District of Columbia that directly addressed whether a disparate impact claim is viable against the federal government under the ADEA. See Breen v. Mineta, No. Civ. A. 05-654 (RWR), 2005 WL 3276163 *7 (D.D.C. 2005); Silver v. Leavitt, No. Civ. A. 05-0968

-21-

(JDB), 2006 WL 626928 *13 (D.D.C. 2006).  Instead, Plaintiffs

argue that the Court should adopt the reasoning of the United

States District Court for the District of Kansas, Lagerstrom v.

Mineta, 408 F. Supp. 2d 1207, 1212 (D.Kan. 2006), addressing

disparate impact claims under the ADEA filed against the federal

government and that of the United States Court of Appeals for the

District of Columbia Circuit, Foreman v. Small, 271 F.3d 285, 287

(D.C. Cir. 2001), regarding a retaliation claim under the ADEA

against the federal government.  Plaintiffs fail to address

Supreme Court decisions, however, that consistently have held

that the United States cannot be held to have consented to suit

and hence waived sovereign immunity "without an express and

unequivocal statutory waiver."  Lane v. Peña, 518 U.S. 187, 192

(1996).  Indeed, they do not dispute that Section 633a, which

applies to federal employees, does not contain any explicit or

express reference to disparate impact claims.  For all of these

reasons, this Court should follow the cases directly on point

that have been decided by the United States District Court for

the District of Columbia; therefore, the allegations in

Plaintiffs' complaint concerning disparate impact under the ADEA

must be dismissed since the federal government has not waived

sovereign immunity for such claims.  See Breen, 2005 WL 3276163

*7; Silver, 2006 WL 626928 *13.

-22-

IV.  Conclusion

For these reasons and those previously set forth by Defendant, this action should be dismissed or summary judgment entered in favor of Defendant.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

OF COUNSEL:

JULIA RHODES, ESQ.
Personnel & Labor Law Staff (AGC-30)
The Office of the Chief Counsel
Federal Aviation Administration
600 Independence Ave., S.W., 1st Floor
Washington, DC  20591

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment has been made through the Court's electronic transmission facilities on this 19th day of June, 2006.

 

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230