```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

MALACHY COGHLAN and              )
TIMOTHY O'HARA, et al.,          )
                                 )
            Plaintiffs           )
                                 )
       v.                        )   Civil Action No. 05-1476 PLF
                                 )
MARY E. PETERS, Secretary,       )
Department of Transportation,    )
                                 )
            Defendant.           )
                                 )
_____)
```

## ANSWER TO AMENDED COMPLAINT

Defendant, Mary E. Peters, in her official capacity as Secretary of Transportation, through undersigned counsel, hereby answers Plaintiff's Amended Complaint Of Age Discrimination In Employment.

### FIRST DEFENSE

Defendant asserts that this Court lacks subject matter jurisdiction.

### SECOND DEFENSE

Plaintiffs have failed properly and timely to exhaust administrative remedies.

### THIRD DEFENSE

Plaintiffs have failed to satisfy the pre-requisites for class certification.

## FOURTH DEFENSE

Defendant responds to the specific paragraphs of the complaint as follows:

1. With regard to the assertions on the first page of the Amended Complaint, including the paragraph numbered 1, Defendant states that these assertions constitute Plaintiffs' characterization of this action and conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations contained therein.

2. With regard to the assertions in paragraph numbered 2 of the Amended Complaint, Defendant states that, except as admitted below, the assertions set forth plaintiffs' interpretation of this action and conclusions of law to which no response is required. Defendant admits that Mr. Coghlan and Mr. O'Hara are FAA employees over 40 who, as a result of circumstances including the application of the Core Compensation System, are compensated according to pay bands; to the extent any further response may be deemed required, Defendant denies the remaining allegations contained in paragraph numbered 2.

3. With regard to the assertions in paragraph numbered 3 of the Amended Complaint, Defendant states that, except as admitted below, the assertions set forth plaintiffs' interpretation of this action and conclusions of law to which no response is required. Defendant admits that Mr. Coghlan and Mr. O'Hara are

FAA employees covered by the Core Compensation System in 2004 and 2005; to the extent any further response may be deemed required, Defendant denies the remaining allegations contained in paragraph numbered 3.

    4.  Defendant admits the allegations in paragraph numbered 4 of the Amended Complaint, regarding the identification of the Secretary of Transportation but avers that Mary E. Peters has replaced Norman Y. Mineta as the Secretary of Transportation; Defendant denies the remaining allegations in this paragraph due to the vagueness of the phrase "authority over the FAA."

<u>JURISDICTION AND VENUE</u>

    5.  This paragraph contains Plaintiff's legal conclusion regarding the Court's jurisdiction, to which no response is required.  To the extent that a response is deemed required, this paragraph is denied.

    6.  This paragraph contains Plaintiff's legal conclusion regarding venue to which no response is required.  To the extent that a response is deemed required, this paragraph is denied.

<u>FACTS</u>[1]

    7.  Defendant admits the allegations in this paragraph that Plaintiff Coghlan contacted an EEO Counselor to initiate an

---

[1] For ease of reference, Defendant has included in this pleading the headings that were originally supplied in the Amended Complaint; no inference that the headings are accurate should be inferred by the inclusion of the headings in the answer.

informal complaint on August 10, 2004, that both the Department of Transportation ("DOT") and the Office of Federal Operations ("OFO") Equal Employment Opportunity Commission ("EEOC") dismissed his complaint, and that OFO found that complainant knew or reasonably should have suspected discrimination when on January 11, 2004, he receive OSI/SCI awards as lump sum payments with no permanent adjustments of his salary.  However, Defendant denies that the remaining allegation in this paragraph regarding the continuing nature of the alleged violation raised in the informal complaint process.

    8.   Defendant admits the allegations in paragraph numbered 8 of the Amended Complaint.

    9.   Defendant does not have sufficient information to admit or deny the statements in this paragraph.  The allegations in this paragraph are therefore denied.

    10.  With regard to the assertions in paragraph numbered 10 of the Amended Complaint, Defendant states that this sentence sets forth Plaintiffs' interpretation of this and other actions, as well as conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations contained in paragraph numbered 10.

    11.  Defendant admits the allegations in paragraph numbered 11 of the Amended Complaint, regarding Plaintiff and Timothy O'Hara filing a class action complaint with the DOT about annual

increases not being awarded as base salary adjustments, but denies the remaining allegations in this paragraph.

    12-13.  Admitted.

    14.  With regard to the assertions in paragraph numbered 14 of the Amended Complaint, Defendant admits that Plaintiffs filed a document withdrawing the class claims before an Administrative Judge and denies the allegations contained in paragraph numbered 14 regarding what action the Department of Transportation has not taken or is likely to take.

    15.  With regard to the assertions in paragraph numbered 15 of the Amended Complaint, Defendant states that, except as admitted below, the assertions set forth Mr. Coghlan's interpretation of this action and conclusions of law to which no response is required.  Defendant admits that Mr. Coghlan and Mr. O'Hara are FAA employees over 40 who are compensated according to pay bands; to the extent any further response may be deemed required, Defendant denies the remaining allegations contained in paragraph numbered 15.

    16.  Denied.

    17.  With regard to the assertions in paragraph numbered 17 of the Amended Complaint, Defendant states that the assertions sets forth plaintiffs' interpretation of this action and constitute conclusions of law to which no response is required.

To the extent a response may be deemed required, Defendant denies the allegations contained in paragraph numbered 17.

18.   Denied.

## CLASS ACTION ALLEGATIONS

19.   Defendant hereby incorporates the foregoing responses to the cited paragraphs.

20.   With regard to the assertions in paragraph numbered 20 of the Amended Complaint, Defendant states that this sentence sets forth plaintiffs' interpretation of this action and constitutes conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations contained in paragraph numbered 20.

21.   With regard to the assertions in paragraph numbered 21 of the Amended Complaint, Defendant states that this sentence sets forth his interpretation of his action and conclusions of law to which no response is required.  To the extent a response may be deemed required, Defendant denies the allegations contained in paragraph numbered 21.

22.   With regard to the assertions in paragraph numbered 22 of the Amended Complaint, Defendant states that this sentence sets forth his interpretation of his action and conclusions of law to which no response is required.  To the extent a response may be deemed required, Defendant denies the allegations contained in paragraph numbered 22.

23. With regard to the assertions in paragraph numbered 23 of the Amended Complaint, Defendant states that this sentence sets forth his interpretation of his action and conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations contained in paragraph numbered 23.

24. With regard to the assertions in paragraph numbered 24 of the Amended Complaint, Defendant states that this sentence sets forth his interpretation of his action and conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations contained in paragraph numbered 24.

25. Admitted.

26. With regard to the assertions in paragraph numbered 26 of the Amended Complaint, Defendant states that this sentence sets forth his interpretation of his action and conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations contained in paragraph numbered 26.

27. With regard to the assertions in paragraph numbered 27 of the Amended Complaint, Defendant states that this sentence sets forth his interpretation of his action and conclusions of law to which no response is required. To the extent a response

may be deemed required, Defendant denies the allegations contained in paragraph numbered 27.

### Violation of the ADEA (Disparate Impact, Disparate Treatment and Continuing Violation

28. Defendant hereby incorporates the foregoing responses to the cited paragraphs.

29-32. With regard to the assertions in these paragraphs of the Amended Complaint, Defendant states that these assertions set forth plaintiffs' interpretation of this action and conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations contained in paragraphs numbered 29 through 32.

### RELIEF REQUESTED

The remaining allegations of the Amended Complaint constitute Plaintiffs' request for relief to which no response is required. To the extent a response may be deemed necessary, Defendant denies that Plaintiffs are entitled to the relief sought or to any relief whatsoever.

Defendant denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, Defendant requests that the complaint be

dismissed and that Defendant be granted such other and further relief as the Court may deem just and proper.

>Respectfully submitted,

>_____
>JEFFREY A. TAYLOR, DC Bar #498610
>United States Attorney


>_____
>RUDOLPH CONTRERAS, DC Bar #434122
>Assistant United States Attorney


>_____
>W. MARK NEBEKER, DC Bar #396739
>Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing answer has been made through the Court's electronic transmission facilities to:

BARBARA KRAFT, ESQ.
KRAFT EISENMANN ALDEN, PLLC
1001 Pennsylvania Avenue, NW
Suite 600
Washington, DC 20004

on the 16th day of April, 2007.

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230