Westlaw.

EEOC DOC 01A52152, 2005 WL 636384 (E.E.O.C.)                                                                 Page 1
(Cite as: EEOC DOC 01A52152, 2005 WL 636384 (E.E.O.C.))

H
EEOC DOC 01A52152, 2005 WL 636384 (E.E.O.C.)

E.E.O.C.
1Office of Federal Operations
MALACHY COGHLAN, COMPLAINANT,
v.
NORMAN Y. MINETA, SECRETARY, DEPARTMENT OF TRANSPORTATION, (FEDERAL AVIATION ADMINISTRATION), AGENCY.

Appeal No. 01A52152
Agency No. 2004-18297-FAA-2
March 11, 2005

## DECISION

On December 13, 2004, the agency issued a decision dismissing complainant's complaint for failure to state a claim and for untimely EEO counselor contact. Upon review, the Commission finds that complainant's complaint was properly dismissed pursuant to 29 C.F.R. § 1614.107(a)(2), for untimely EEO Counselor contact. In his complaint, complainant alleged that he was subjected to discrimination on the basis of age (D.O.B. 7/21/1950) when: on June 28, 2004, he became aware of the impact of the Federal Aviation Administration's (FAA) Core Compensation System, first implemented in 1998, that limited all employees at the maximum of their pay band to receive all future Organization Success Increase (OSI) and Superior Contribution Increase (SCI) awards as a lump sum payment.

Complainant argues that before the new compensation system, any OSI award as well as any SCI award would become part of his base pay and would increase his annual salary and retirement for the remainder of his career. Complainant contends that he is now "pay capped," meaning that rather than having awards applied to his base pay, thereby increasing his annual salary and retirement, he can now only receive awards in a "lump sum" one time payment. Because this will recur in 2005, complainant believes that the agency in engaged in a continuing violation.

The Commission has adopted a "reasonable suspicion" standard (as opposed to a "supportive facts" standard) to determine when the limitation period is triggered under the EEOC Regulations. See 29 C.F.R. § 1614.105(a)(2); *Ball v. United States Postal Service*, EEOC Request No. 05880247 (July 6, 1988). Thus, the limitations period is not triggered until complainant reasonably should have suspected discrimination, but before all the facts that would support a charge of discrimination have become apparent. Upon review, the Commission finds that complainant knew or reasonably should have suspected discrimination when on January 11, 2004, he received OSI/SCI awards as lump sum payments with no permanent adjustments to his salary. Complainant did not contact an EEO Counselor until August 10, 2004. We are not persuaded by complainant's claim that a continuing violation theory is applicable here because the denial of a salary increase is a discrete act, and there is no evidence of other circumstances which would warrant an extension of the applicable time limit for contacting an EEO Counselor.

Because we affirm the dismissal of the complaint for the reasons stated herein, we

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EEOC DOC 01A52152, 2005 WL 636384 (E.E.O.C.)                                       Page 2
(Cite as: EEOC DOC 01A52152, 2005 WL 636384 (E.E.O.C.))

find it unnecessary to address alternative grounds for dismissal. Accordingly, the agency's final decision dismissing complainant's complaint is affirmed.

### STATEMENT OF RIGHTS - ON APPEAL RECONSIDERATION (M0701)

*2 The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:
 1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or
 2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EEOC DOC 01A52152, 2005 WL 636384 (E.E.O.C.)                                    Page 3
(Cite as: EEOC DOC 01A52152, 2005 WL 636384 (E.E.O.C.))

in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above (" Right to File A Civil Action" ).

For the Commission:

*3 Carlton M. Hadden
Director
Office of Federal Operations


EEOC DOC 01A52152, 2005 WL 636384 (E.E.O.C.)
END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.