Westlaw.

EEOC DOC 05A50728, 2005 WL 1073773 (E.E.O.C.)                                    Page 1

(Cite as: EEOC DOC 05A50728, 2005 WL 1073773 (E.E.O.C.))

H
EEOC DOC 05A50728, 2005 WL 1073773 (E.E.O.C.)

E.E.O.C.
1Office of Federal Operations
MALACHY COGHLAN, COMPLAINANT,
v.
NORMAN Y. MINETA, SECRETARY, DEPARTMENT OF TRANSPORTATION, AGENCY.

Request No. 05A50728
Appeal No. 01A52152
Agency No. 2004-18297-FAA-2
April 27, 2005

## DENIAL

Malachy Coghlan (complainant) timely requested reconsideration of the decision in *Malachy Coghlan v. Department of Transportation*, EEOC Appeal No. 01A52152 (March 11, 2005). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(b).

In his request, complainant contends that the agency's Core Compensation System has a disparate impact on older employees. Complainant is contending that he has been discriminated against on a continuing basis and that each pay check he has received constitutes a separate, actionable claim under the Age Discrimination in Employment Act. See *Bazemore v. Friday*, 478 U.S. 385, 396 (1986) (each week's paycheck that delivers less to a Black than a similarly situated White is a wrong actionable under Title VII). Complainant also requests that we address the merits of his complaint. However, the request to reconsider concerns the agency's dismissal of his complaint due to a procedural defect. Thus, the merits of the complaint are not before us.

The prior decision found that complainant knew or reasonably should have suspected discrimination when on or about January 11, 2004 he received OSI/SCI awards as a lump sum payment with no permanent adjustments to his salary. Complainant did not contact an EEO Counselor until August 10, 2004. In our prior decision, we were not persuaded by complainant's continuing violation claim and we are not now persuaded by complainant's claim that each paycheck he receives is a separate actionable claim. The discriminatory act at issue was the receipt of a lump sum award in lieu of a salary increase, and complainant has presented no persuasive argument as to why we should toll the time limits for contacting an EEO Counselor.

After reconsidering the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 01A52152 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EEOC DOC 05A50728, 2005 WL 1073773 (E.E.O.C.)                                        Page 2
(Cite as: EEOC DOC 05A50728, 2005 WL 1073773 (E.E.O.C.))

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

*2 This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

For the Commission:

Carlton M. Hadden
Director
Office of Federal Operations

EEOC DOC 05A50728, 2005 WL 1073773 (E.E.O.C.)
END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.